(No. 87-CC-3424— ▮▮▮▮▮)

STANLEY TROTTER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 6, 1993.*

GERALD M. SACHS & ASSOCIATES, for Claimant.

ROLAND W. BURRIS, Attorney General (JANICE L. SCHAFFRICK, Assistant Attorney General, of counsel), for Respondent.

165

· ORDER

JANN, J.

This claim sounding in tort arises out of a motorcycle accident which occurred on May 14, 1986, on an exit ramp from Interstate 94 at 159th Street in Thornton Township, Cook County, Illinois. Claimant alleges that Respondent negligently maintained the ramp in a manner which proximately caused physical injuries and property damage suffered by Claimant.

A hearing was held before Commissioner Michael Kane on December 20, 1991. A brief was submitted by Respondent on December 9, 1992. Claimant has not filed a brief.

## FACTS

On May 14, 1986, Claimant, a 39-year-old male was operating a 1983 Honda Goldwing motorcycle eastbound on Interstate 94 (the Calumet Expressway) when he exited at 159th Street intending to go to Hammond, Indiana. Claimant was in possession of a valid operator's

license and had been riding motorcycles for about 15 years at that time.

Claimant testified that he was traveling at approximately 30 m.p.h. on the ramp which was a two-curve exit ramp. As he made the turn in the second curve, there was a pothole which he observed and then struck a second or two later. Claimant identified and marked exhibits which showed the pothole located off the actual roadway in the gutter which was attached to the shoulder of the roadway. After striking the pothole, Claimant stated he lost control of his motorcycle. It veered left as he traveled to the top of the ramp and onto 159th Street where he hit a cement divider and sustained personal injuries and damage to his motorcycle.

In addition to the Claimant's testimony, there was presented on his behalf the testimony of an expert, Robert Lippman, who is a professional civil engineer. The State presented John Cannon, an employee of the Illinois Department of Transportation, and also an expert pursuant to Supreme Court Rule 220, Mr. Dror Kopernick. Based on the testimony presented through these four witnesses and the exhibits provided by both parties, it is the finding of the Court that the accident did not occur in the way described by the Claimant. Further, it is physically impossible for the Claimant to have hit the cement median on 159th Street according to the testimony he gave and the exhibits entered into evidence.

Claimant's Exhibits Nos. 1 through 9 show the location of the pothole on the date of the incident and, in addition, the ramp as it heads towards 159th Street. It is the Claimant's testimony that after he hit the pothole, the motorcycle veered to the left. It is clear from the photos that the Claimant himself identified that if the motorcycle

veered to the left and he was unable to control it, Claimant would not have hit the concrete divider on 159th Street. At the time he supposedly hit the pothole, the Claimant was heading in a somewhat northerly direction, the concrete divider is further to the east and it is not shown in any of the photographs. What does appear in the photographs is the barrier in existence which would have prevented his motorcycle from veering to the left and hitting the concrete median.

Mr. Lippman, Claimant's own expert, testified that the Claimant's statements were confusing as to the incident. Based upon what he was able to ascertain, Lippman opined that the cause of the accident was a poorly maintained shoulder and the lack of an advisory speed limit sign. On cross-examination, Mr. Lippman reiterated that it was not his opinion that the pothole Claimant allegedly struck was the cause of the accident. Claimant had been unable to identify exactly what pothole allegedly caused his accident.

The State's evidence was primarily produced by Mr. Kopernick who is a mechanical engineer employed by Triodyne, Inc. He is an accident reconstruction expert. He reviewed copies of the police reports, depositions, and took numerous photographs of the location as it existed at the time of his examination. By that time, the nature of the location had changed and the ramp had been redesigned. However, through photographic reconstruction, the witness was able to establish where the pothole had been at the time of the incident. According to his testimony, the hole was approximately 150 to 175 feet from 159th Street, which is consistent with the views depicted in Claimant's photographs. Further, Mr. Kopernick recreated a similar pothole at the Illinois Department of Transportation property in Alsip. Videotapes

were identified and presented of that hole and of the expert operating a similar motorcycle through the pothole. It is clear from these tapes that if the operator is aware that the pothole is about to be struck, a pothole of the size and nature described by the Claimant and identified in the photos would not cause an operating problem for the driver. The only distinction that can be drawn between these tests and the Claimant's operation is that the Claimant was unaware that he was to hit the pothole until shortly before he actually struck it. This testimony is not conclusive in and of itself, but it is another contradiction of the Claimant's version of what occurred.

Mr. John Cannon, IDOT team section technician, also testified on behalf of Respondent. Mr. Cannon was, as part of his duties, responsible for maintenance of the roadway where Claimant's accident occurred. Cannon's review of IDOT records found no complaints or notifications of problems concerning the condition of the ramp in question. Cannon also had personal knowledge of the ramp, but indicated he had no recollection of any problems at that location.

## THE LAW

While the State of Illinois is not an insurer of the conditions of its roadways, it does have a duty to use reasonable care in maintaining its roads. (*Baker v. State* (1989), 42 Ill. Ct. Cl. 110, 115, citing *Ohms v. State* (1975), 30 Ill. Ct. Cl. 410.) Said duty of reasonable care requires that defective and dangerous conditions not exist on the highways. *Baker*, at 115, citing *Moldenhauer v. State* (1978), 32 Ill. Ct. Cl. 514.

However, a key issue with respect to the existence of such conditions is, as noted in *Baker*, whether the State

had actual or constructive notice of a dangerous condition and whether the condition was then permitted to exist without warning to the public. (*Baker*, at 115, citing *Clark v. State* (1974), 30 Ill. Ct. Cl. 32.) To be in a dangerously defective condition, the highway must be in a condition unfit for the purpose it was intended. *Baker*, at 115, citing *Allen v. State* (1984), 36 Ill. Ct. Cl. 24.

The evidence adduced at the hearing in this matter discloses no actual or constructive notice of a dangerous condition at the location in question to the Respondent. Claimant's testimony as to how the accident occurred failed to establish any negligence by the Respondent which was the direct and proximate cause of the accident. Claimant has failed to meet his burden of proof as to negligence on the part of Respondent by a preponderance of the evidence presented.

It is hereby ordered that this claim be, and is hereby denied.